IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| KURT BUTLER, | ) | CIVIL NO. 13-00163 SOM/KSC |
| | ) | |
| Plaintiff, | ) | ORDER DISMISSING COMPLAINT; |
| | ) | ORDER DENYING AS MOOT |
| vs. | ) | APPLICATION TO PROCEED IN |
| | ) | FORMA PAUPERIS |
| COUNTY OF MAUI, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

**ORDER DISMISSING COMPLAINT;**
**ORDER DENYING AS MOOT APPLICATION TO PROCEED IN FORMA PAUPERIS**

On May 3, 2013, Plaintiff Kurt Butler filed the present Complaint. Concurrent with the filing of the Complaint, Butler filed an Application to Proceed in District Court Without Prepaying Fees or Costs ("Application"). Because the Complaint fails to allege a viable claim over which this court has jurisdiction, the Complaint is dismissed, rendering the Application moot.

Any court of the United States may authorize the commencement of a suit, without payment of fees or security therefor, by a person who submits an affidavit demonstrating he or she is unable to pay such costs or give such security. 28 U.S.C. § 1915(a). Although the Application demonstrates that Butler cannot afford to prepay the costs of initiating this action, this court may deny leave to proceed in forma pauperis at the outset if it appears from the facts of the Complaint that the

action is frivolous, that the action fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2); see also Tripati v. First Nat. Bank & Trust, 821 F.2d 1368, 1370 (9th Cir. 1987).

Butler claims that the County of Maui has infringed on his free speech rights in violation of the state and federal constitutions.  Butler says he began demonstrating on the public sidewalk in front of the Alive and Well Natural Health Emporium in Kahului, Maui, in 2003.  See Complaint ¶ 6.  Butler says that Alive and Well is owned by MDDR Health Solutions, Inc., which, in turn, is owned by Dennis, Darren, and Mona Jones.  Id. ¶ 8. Butler alleges that the County of Maui has "allowed and supported MDDR's unlawful attempts to suppress Butler's lawful demonstrations and punish him for them."  Id.

Butler says that, on July 26, 2003, he was demonstrating outside the Alive and Wellness store when Darren Jones came out of the store and threatened and assaulted him.  He alleges that a scuffle ensued and that the Maui Police Department was called.  Butler says that Officer Kihata spoke to Darren Jones and other store employees and then arrested Butler.  See Complaint ¶ 14.  On May 7, 2004, Butler was convicted of Criminal Property Damage in the Fourth Degree arising out of this arrest. Id. ¶ 23.

2

Butler alleges that when he returned to demonstrate in front of the store on August 2, 2003, the store owners again summoned the police, claiming that Butler was blocking its driveway and harassing customers.  Officer Samuel Gasmen allegedly went to the store, talked with its owners, and then demanded that Butler show him his permit to protest or leave the area.  When Butler allegedly did not comply, Butler was again arrested.  Id. ¶ 15.  The charges were not pursued, and Butler sued Gasmen for false arrest.  Id. ¶ 16.

Butler alleges that, from January 2004 to March 2007, he occasionally demonstrated outside the Alive and Wellness store.  He says that the police were called on several occasions.  Although he was not arrested, he says that he was verbally harassed and admonished not to block the store's driveway or harass its customers.  Id. ¶ 25.

On March 24, 2007, Butler again demonstrated in front of the Alive and Wellness store.  Id. ¶ 30.  He alleges that the store hired Clinton Myers and Jason Keefner to provide security for a promotional party that day.  Id. ¶ 29.  Butler says that, shortly after he arrived, Keefner snatched Butler's flyers and tossed them in a dumpster.  Id. ¶ 30.  Butler says that Myers, who allegedly weighed more than 300 pounds, then violently pressed him to the sidewalk, breaking four of his ribs and tearing his rotator cuff.  Id. ¶¶ 31, 34.  Butler says that

Officers Gasmen and Sagawinit saw part of what happened but did not arrest Myers.  Id. ¶ 35.

Butler says he then attempted to get the prosecuting attorneys to prosecute Myers for the assault.  Id. ¶¶ 39-40. Butler says that the same person who had prosecuted him was assigned to his case.  Id. ¶ 40.  Butler says that the prosecutor, after displaying animosity, promised to prosecute Myers but not the store owners.  Id.  About a year after the alleged assault, Butler followed up with another prosecutor regarding the status of the case against Myers.  Id. ¶ 41.  He says that this prosecutor knew almost nothing about the case and ultimately threw him out of the office.  Id. ¶¶ 41-42.  Butler alleges that he then received a letter telling him that there would be no prosecution of Myers.  Id. ¶ 43.

Butler says that he brought a civil suit for his March 2007 injuries against MDDR, the company that owned the store. The civil suit went to trial on August 29 through September 1, 2011.  Id. ¶ 50.  Butler subpoenaed Officers Gasmen and Sagawinit to testify, asking them to bring their reports to court.  Id. ¶ 51.  On the first day of trial, when Butler realized that the officers were not going to testify that day, he arranged for new subpoenas to compel the officers to testify the following day. Butler says that he was unable to serve Officer Sagawinit because the deputy corporation counsel refused to tell Butler where

Sagawinit was, telling him only in a hostile tone that Sagawinit was "in the building." Id. ¶ 53. Butler says he asked the person why she was being so hostile and was told, "Because you're a troublemaker, an asshole and a nut." Id. Although Butler was able to subpoena Officer Gasman, Butler says he only testified that he could not remember the incident. id. ¶ 56.

Butler complains that the County of Maui is refusing to protect and defend his free speech rights and says that he will not return to demonstrate at the Alive and Wellness store without reasonable assurance that he will be safe. Id. ¶¶ 58, 63.

To the extent Butler may be asserting free speech claims in violation of § 1983 based on events earlier than May 2011, those claims are barred by the applicable two-year limitations period. See Beckstram v. Read, 2012 WL 4490727 (D. Haw. Sept. 26, 2012) (applying two-year limitations period to § 1983 claim). Accord Pele Defense Fund v. Paty, 73 Haw. 578, 595, 837 P.2d 1247, 1259 (1992) ("We hold that the two-year statute of limitations set forth in HRS § 657-7 governs § 1983 actions."). To the extent Butler asserts similar claims under the Hawaii constitution, they are also barred by the two-year limitation period. See Turner v. City & County of Honolulu, 2008 WL 1847915, *4 (D. Haw. Apr. 24, 2008).

The only allegations of the Complaint pertaining to events within two years of its filing involve the trial occurring

August 29 through September 1, 2011.  Butler does not allege the result of the trial, but it appears he did not prevail, as he alleges that he has been ordered to pay $22,000.  <u>See</u> Complaint ¶ 67.  Based on Officer Gasmen's testimony that he could not remember the 2007 alleged assault of Butler by Myers, the absence of a new subpoena for Officer Sagawinit, and the deputy corporation counsel's alleged statement that she thought Butler was a "troublemaker, an asshole and a nut," Butler seeks to compel the County of Maui to pay for up to 100 hours per month of private security for him to demonstrate outside the Alive and Wellness store.  Butler claims he need security because he has no reasonable assurance that he can safely demonstrate outside the store without that security, given the county's "wink-and-nod, look-the-other-way tacit approval" of the store owner's alleged conduct.  <u>See</u> Complaint, ¶ 63 and Remedies.  Butler is essentially arguing that the County of Maui has infringed on his First Amendment right to demonstrate on the public sidewalk by failing to ensure his safety and by allowing the Alive and Wellness store to assault him and use the courts to prevent Butler from so demonstrating.

          To state a freedom of speech claim under the First Amendment of the United States Constitution or article 1, section

4 of the Hawaii constitution,[1] Butler must allege facts establishing that: (1) he engaged in speech or conduct protected under the First Amendment; (2) the County of Maui took action against him; and (3) Butler's protected speech or conduct or the chilling of the his speech or conduct was a substantial or motivating factor for the defendant's actions. See Menotti v. City of Seattle, 409 F.3d 1113, 1155 (9th Cir. 2005); Awabdy v. City of Adelanto, 368 F.3d 1062, 1071 (9th Cir. 2004). Butler's Complaint fails to sufficiently allege that his speech was a substantial or motivating factor for the County of Maui's actions. In other words, there are no facts alleged that, if true, would amount to infringement by the County of Maui on his speech during the applicable limitations period. In fact, there are no facts alleged demonstrating that Butler even attempted to engage in speech or conduct protected by the First Amendment during the limitations period. Accordingly, the court dismisses the free speech claims under the Hawaii and United States constitutions.

---

[1]In State v. Viglielmo, 105 Haw. 197, 210, 95 P.3d 952, 965 (2004), and In Interest of Doe, 76 Haw. 85, 94 n.16, 869 P.2d 1304, 1313 n.16 (1994), the Hawaii Supreme Court cited with approval a statement indicating that the "First Amendment Rights" are identical under the state and federal constitutions. The Viglielmo court held that the Hawaii constitution provides no greater free speech protection than the United States Constitution. Accordingly, this court applies the same elements to claims under either constitution.

Because the court dismisses the Complaint, the Application is denied as moot.  Butler is given leave to file an Amended Complaint no later than June 7, 2013.  Any such Amended Complaint should clearly identify the factual and legal basis or bases of the claim(s) asserted.  The Amended Complaint should be a complete document in itself; it should not state that the original Complaint is incorporated by mere reference to it.  If Butler files an Amended Complaint, he must either pay the applicable filing fee or file another application to proceed _in forma pauperis_.  This action will automatically be dismissed if Butler fails to timely 1) file an Amended Complaint and 2) submit the appropriate filing fee or a new application to proceed _in forma pauperis_.

        IT IS SO ORDERED

        DATED:  Honolulu, Hawaii, May 8, 2013.



                          /s/ Susan Oki Mollway
                         Susan Oki Mollway
                         United States District Judge

Butler v. County of Maui, Civil No. 13-00163 SOM-KSC; ORDER DISMISSING COMPLAINT;
ORDER DENYING AS MOOT APPLICATION TO PROCEED IN FORMA PAUPERIS.