IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| KURT BUTLER, | ) | CIVIL NO. 13-00163 SOM/KSC |
| | ) | |
| Plaintiff, | ) | ORDER DISMISSING FIRST |
| | ) | AMENDED COMPLAINT; ORDER |
| vs. | ) | DENYING AS MOOT APPLICATION |
| | ) | TO PROCEED IN FORMA PAUPERIS |
| COUNTY OF MAUI, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

**ORDER DISMISSING FIRST AMENDED COMPLAINT;
ORDER DENYING AS MOOT APPLICATION TO PROCEED IN FORMA PAUPERIS**

On May 15, 2013, Plaintiff Kurt Butler filed a First Amended Complaint.  Concurrent with the filing of the First Amended Complaint, Butler filed an Application to Proceed in District Court Without Prepaying Fees or Costs ("Application"). Because the First Amended Complaint fails to allege a viable claim over which this court has jurisdiction, the First Amended Complaint is dismissed, rendering the Application moot.

Any court of the United States may authorize the commencement of a suit, without payment of fees or security therefor, by a person who submits an affidavit demonstrating he or she is unable to pay such costs or give such security. 28 U.S.C. § 1915(a).  Although the Application demonstrates that Butler cannot afford to prepay the costs of initiating this action, this court may deny leave to proceed in forma pauperis at the outset if it appears from the facts of the Complaint that the

action is frivolous, that the action fails to state a claim upon which relief can be granted, or that it seeks monetary relief against a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2); see also Tripati v. First Nat. Bank & Trust, 821 F.2d 1368, 1370 (9th Cir. 1987).

   The factual allegations of the First Amended Complaint are similar to those of the original Complaint.  Basically, Butler claims that the County of Maui has infringed on his free speech rights in violation of the federal constitution.  Butler says he began demonstrating on the public sidewalk in front of the Alive and Well Natural Health Emporium in Kahului, Maui, in 2003.  See First Amended Complaint ¶ 8.  Butler says that Alive and Well is owned by MDDR Health Solutions, Inc., which, in turn, is owned by Dennis, Darren, and Mona Jones.  Id.

   Butler says that, by mid 2008, he had been arrested for protesting without a permit and had had his complaints of crimes disregarded by the Maui Police Department.  See id. ¶ 12.  He alleges that, even when officers witnessed him being assaulted, no charges were brought against his assailants.  Id. ¶ 13.  This appears to be a reference to the alleged assault of March 24, 2007, described in the original Complaint in paragraphs 30 to 35.

   In the original Complaint, Butler alleged that he brought a civil suit for his March 2007 injuries against MDDR, the company that owned the store.  The civil suit went to trial

in state court on August 29 through September 1, 2011.  See Complaint ¶ 50.  Butler's First Amended Complaint alleges that the "County set about doing what it could to ensure Butler's lawsuit would fail."  First Amended Complaint ¶ 17.  Butler subpoenaed Officers Gasmen and Sagawinit to testify, asking them to bring their reports to court.  Id. ¶ 19.  On the first day of trial, when Butler realized that the officers were not going to testify that day, he arranged for new subpoenas to compel the officers to testify the following day.  Butler says that he was unable to serve Officer Sagawinit because the deputy corporation counsel refused to tell Butler where Sagawinit was, telling him in a hostile tone only that Sagawinit was "in the building."  Id.  Butler says he asked her why she was being so hostile and was told, "Because you're a troublemaker, an asshole and a nut.  You're crazy."  Id. ¶ 20. Although Butler was able to subpoena Officer Gasmen, Butler says Gasmen testified that he could not remember the incident.  id. ¶ 22.

Butler alleges that his "complaints about this systematic misconduct--to the Chief of Police, the Mayor, the Prosecutor and Corporation Counsel--have gone unanswered, making it clear that County of Maui condones and approves the (written or unwritten) policy."  Id. ¶ 25

As noted in this court's previous order dismissing the original Complaint, to the extent Butler may be asserting free speech claims in violation of § 1983 based on events earlier than May 2011, those claims are barred by the applicable two-year limitations period. See Beckstrand v. Read, 2012 WL 4490727 (D. Haw. Sept. 26, 2012) (applying two-year limitations period to § 1983 claim). Accord Pele Defense Fund v. Paty, 73 Haw. 578, 595, 837 P.2d 1247, 1259 (1992) ("We hold that the two-year statute of limitations set forth in HRS § 657-7 governs § 1983 actions.").

The only allegations of the First Ameded Complaint pertaining to events within the applicable two-year limitations period involve the trial occurring August 29 through September 1, 2011. Based on Officer Gasmen's testimony that he could not remember the 2007 alleged assault of Butler by Myers, the absence of a new subpoena for Officer Sagawinit, and the deputy corporation counsel's alleged statement that she thought Butler was a "troublemaker, an asshole and a nut," Butler seeks to compel the County of Maui to provide security for him to demonstrate outside the Alive and Wellness store, among other things.

Butler's allegations are not sufficiently clear for this court to discern the claims being asserted. The First Amended Complaint mentions 42 U.S.C. §§ 1985 and 1986, but

provides no factual support for those claims or further detail about which subsection of § 1985 is being asserted.

To the extent Butler is asserting a § 1983 claim, it is not clear what it is based on. Even assuming that a County of Maui employee retaliated against Butler during the trial based on Butler's speech, the County of Maui can only be held liable under § 1983 in one of three ways.

> First, the plaintiff may prove that a city employee committed the alleged constitutional violation pursuant to a formal governmental policy or a longstanding practice or custom which constitutes the standard operating procedure of the local governmental entity. Second, the plaintiff may establish that the individual who committed the constitutional tort was an official with final policy-making authority and that the challenged action itself thus constituted an act of official governmental policy. Whether a particular official has final policy-making authority is a question of state law. Third, the plaintiff may prove that an official with final policy-making authority ratified a subordinate's unconstitutional decision or action and the basis for it.

Gillette v. Delmore, 979 F.2d 1342, 1346-47 (9th Cir. 1993) (citations and internal quotations omitted). Butler's single sentence regarding complaints about systematic misconduct that have gone unanswered, see First Amended Complaint ¶ 25, is insufficient to place the County of Maui on notice of what it did that might form the basis or bases of § 1983 liability.

5

Accordingly, the court dismisses the First Amended Complaint and denies the Application as moot. The court grants Butler leave to file a Second Amended Complaint that cures the deficiencies noted in this order and in the court's earlier order. Any such Second Amended Complaint must be filed no later than June 14, 2013. The Amended Complaint should be a complete document in itself; it should not state that the original Complaint or the First Amended Complaint is incorporated by mere reference to it. If Butler files a Second Amended Complaint, he must either pay the applicable filing fee or file another application to proceed in forma pauperis. This action will automatically be dismissed if Butler fails to timely 1) file a Second Amended Complaint and 2) submit the appropriate filing fee or a new application to proceed in forma pauperis.

IT IS SO ORDERED

DATED: Honolulu, Hawaii, May 24, 2013.



/s/ Susan Oki Mollway
Susan Oki Mollway
United States District Judge

Butler v. County of Maui, Civil No. 13-00163 SOM-KSC; ORDER DISMISSING FIRST AMENDED COMPLAINT; ORDER DENYING AS MOOT APPLICATION TO PROCEED IN FORMA PAUPERIS