IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| KURT BUTLER, | ) | CIVIL NO. 13-00163 SOM/KSC |
| | ) | |
| Plaintiff, | ) | ORDER GRANTING COUNTY OF |
| | ) | MAUI'S MOTION TO DISMISS |
| vs. | ) | SECOND AMENDED COMPLAINT |
| | ) | |
| COUNTY OF MAUI, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

**ORDER GRANTING COUNTY OF MAUI'S
MOTION TO DISMISS SECOND AMENDED COMPLAINT**

**I.      INTRODUCTION.**

In this action, Plaintiff Kurt Butler seeks damages from Defendant County of Maui for violating his free speech rights under the First Amendment of the United States Constitution.

The County of Maui has brought a motion under Rule 12(b)(6) of the Federal Rules of Civil Procedure, seeking dismissal of Butler's Second Amended Complaint on the ground that res judicata bars Butler's claims.  The motion is granted.

**II.     FACTUAL BACKGROUND AND PROCEDURAL HISTORY.**

On May 3, 2013, Plaintiff Kurt Butler filed his original Complaint, seeking damages from County of Maui under 42 U.S.C. §§ 1983, 1985, and 1986.  Butler claimed that the County had violated his free speech rights under the First Amendment of

the United States Constitution.  Because Butler was also seeking leave to proceed without prepayment of the fee for commencing a civil action, this court screened the Complaint under 28 U.S.C. § 1915(e)(2)(B)(ii), which states that a court "shall dismiss" a pro se case "if the court determines that the action or appeal fails to state a claim on which relief may be granted." See Denton v. Hernandez, 504 U.S. 25, 32 (1992); Calhoun v. Stahl, 254 F.3d 845, 845 (9th Cir. 2001) (applying 28 U.S.C. § 1915(e)(2)(B) to pro se cases brought by nonprisoners).  This court, determining that the Complaint failed to allege a viable claim over which this court had jurisdiction, dismissed the Complaint and gave Butler leave to file an Amended Complaint.

On May 15, 2013, Butler filed a First Amended Complaint, which was also dismissed for failure to allege a viable claim over which this court had jurisdiction.  The court dismissed the First Amended Complaint and again denied the request to proceed in forma pauperis.

On May 29, 2013, Butler filed a Second Amended Complaint, which is the subject of County's present motion.  The factual allegations of the Second Amended Complaint are similar to those of the original Complaint and First Amended Complaint.  Although Butler again applied for in forma pauperis status, the court, noting that Butler appeared poised to receive a $15,000 settlement, stated that, upon such receipt, Butler had to pay the

court's filing fee.  EFC No. 14.  Butler ultimately paid the fee.  EFC No. 29.

Butler claims that the County has infringed on his free speech rights in violation of the federal constitution.  Butler says he began demonstrating on the public sidewalk in front of the Alive and Well Natural Health Emporium in Kahului, Maui, in 2003.  See Second Amended Complaint ¶ 8.  Butler further states that Alive and Well is owned by MDDR Health Solutions, Inc., which, in turn, is owned by Dennis, Darren, and Mona Jones.  Id.

According to Butler, by mid-2008, he had been arrested for protesting without a permit and had had his complaints of crimes by Alive and Well against him disregarded by the Maui Police Department.  See id. ¶ 12.  He alleges that, even when officers witnessed him being assaulted by employees of Alive and Well, no charges were brought against his assailants.  Id. ¶ 13.  This appears to be a reference to the alleged assault of March 24, 2007, described in the original Complaint in paragraphs 30 to 35.

In the original Complaint, Butler alleged that he brought a civil suit for his March 2007 injuries against MDDR, the company that owned the store.  The civil suit went to trial in state court from August 29 through September 1, 2011.  See Complaint ¶ 50.  Butler's Second Amended Complaint alleges that the County "ensured that the officers would not testify

3

truthfully for Butler."  Second Amended Complaint ¶ 17.  Butler says he subpoenaed Officers Gasmen and Sagawinit to testify, asking them to bring their reports to court.  Id. ¶ 19.  According to Butler, on the first day of trial, when Butler realized that the officers were not going to testify that day, he arranged for new subpoenas to compel the officers to testify the following day.  Butler says that he was unable to serve Officer Sagawinit because the deputy corporation counsel refused to tell Butler where Sagawinit was, telling him instead in a hostile tone only that Sagawinit was "in the building."  Id.  Butler states that he asked the deputy corporation counsel why she was being so hostile and was told, "Because you're a troublemaker, an asshole and a nut.  You're crazy."  Id. ¶ 20.  Although Butler was able to subpoena Officer Gasmen, Butler says Gasmen testified that he could not remember the incident.  Id. ¶ 24.

As noted in this court's previous order dismissing the original Complaint, to the extent Butler may be asserting free speech claims pursuant to § 1983 based on events earlier than May 2011, those claims appear to be barred by the applicable two-year limitations period.  See Beckstrand v. Read, 2012 WL 4490727 (D. Haw. Sept. 26, 2012) (applying two-year limitations period to § 1983 claim).  Accord Pele Defense Fund v. Paty, 73 Haw. 578, 595, 837 P.2d 1247, 1259 (1992) ("We hold that the two-year statute of limitations set forth in HRS § 657-7 governs § 1983

4

actions.").

The only allegations of the First Amended Complaint that fall within the applicable two-year limitations period involve the trial in August and September of 2011.  Based on Officer Gasmen's testimony that he could not remember the 2007 alleged assault of Butler, the absence of a new subpoena for Officer Sagawinit, and the deputy corporation counsel's alleged statement that she thought Butler was a "troublemaker, an asshole and a nut," Butler seeks to compel the County to provide security for him as he demonstrates outside the Alive and Well store, among other things.

The court previously dismissed Butler's First Amended Complaint because the allegations, including those related to the 2011 trial, were not sufficiently clear for this court to discern the claims being asserted, and Butler provided no factual support for his 42 U.S.C. §§ 1985 and 1986 claims.  Noting that Butler's § 1983 claim also was not sufficiently clear, the court stated that, even assuming that a County of Maui employee had retaliated against Butler during the trial based on Butler's speech, the County of Maui can only be held liable under § 1983 in one of three ways.

> First, the plaintiff may prove that a city employee committed the alleged constitutional violation pursuant to a formal governmental policy or a longstanding practice or custom which constitutes the standard operating

>procedure of the local governmental entity.
>Second, the plaintiff may establish that the
>individual who committed the constitutional
>tort was an official with final policy-making
>authority and that the challenged action
>itself thus constituted an act of official
>governmental policy.  Whether a particular
>official has final policy-making authority is
>a question of state law.  Third, the
>plaintiff may prove that an official with
>final policy-making authority ratified a
>subordinate's unconstitutional decision or
>action and the basis for it.

Gillette v. Delmore, 979 F.2d 1342, 1346-47 (9th Cir. 1993) (citations and internal quotations omitted).

In response, Butler's Second Amended Complaint, filed on May 29, 2013, attempted to correct the deficiencies of his First Amended Complaint by including three new paragraphs, numbers 21, 23, and 27, which allege that the deputy corporation counsel was a County official with final policy-making authority whose acts constituted official County policy, and that the County's actions during the trial were the culmination of the County's long-standing practice of denying Butler his First Amendment rights.  Second Amended Complaint ¶¶ 21, 23, and 27.

On July 3, 2013, the County of Maui filed a Motion to Dismiss Second Amended Complaint by Plaintiff Kurt Butler, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.  The County argues that the doctrine of res judicata bars Butler's Complaint in this court.  See Memorandum in Support of Motion, ECF No. 16-1, PageID # 96.  According to the County of

Maui, res judicata applies because (1) Butler raised the same allegations contained in his Second Amended Complaint in earlier state-court litigation, (2) the prior state-court action was also a suit by Butler against the County of Maui, and (3) the state-court action ended in the dismissal of Butler's suit with prejudice.  Id. PageID # 97-8.

On July 11, 2013, Butler filed his Reply to Defendant's Motion to Dismiss Second Amended Complaint.  While failing to address the County of Maui's res judicata argument, the Reply does mention the County of Maui's argument that "Prosecution of this action would impair the judgment the County received in the state court action[.]"  Reply to Motion to Dismiss, ECF No. 18, PageID # 137.  However, Butler treats that argument as a "novel definition" of the County's own First Amendment rights rather than an argument relating to res judicata.  Id.

### III.     LEGAL STANDARD.

On a Rule 12(b)(6) motion to dismiss, all allegations of material fact are taken as true and construed in the light most favorable to the nonmoving party. Fed'n of African Am. Contractors v. City of Oakland, 96 F.3d 1204, 1207 (9th Cir. 1996).  Under Rule 12(b)(6), review is generally limited to the contents of the complaint.  See Fed. R. Civ. P. 12(b)(6); Lee v. City of Los Angeles, 250 F.3d 668, 688 (9th Cir. 2001).  If a court does consider extrinsic evidence, the Rule 12(b)(6) motion

is treated as one for summary judgment.  Lee, 250 F.3d at 688. There are two exceptions to this rule, however.

First, court consideration of extrinsic evidence does not convert a 12(b)(6) motion to a summary judgment motion when the evidence is "material which is properly submitted as part of the complaint." Id. (quoting Branch v. Tunnell, 14 F.3d 449, 453 (9th Cir. 1994)).  If the materials are not included with the complaint, a court may consider them if their "'authenticity . . . is not contested' and 'the plaintiff's complaint necessarily relies' on them.'" Id. (quoting Parrino v. FHP, Inc., 146 F.3d 699, 705-06 (9th Cir. 1998)).

Second, and relevant to this case, a court may also "take judicial notice of 'matters of public record' without converting a motion to dismiss into a motion for summary judgment," as long as the facts noticed are not "subject to reasonable dispute." Intri-Plex Techs., Inc. v. Crest Grp., Inc., 499 F.3d 1048, 1052 (9th Cir. 2007) (quoting Lee, 250 F.3d at 689).  According to Rule 201(b) of the Federal Rules of Evidence, "[t]he court may judicially notice a fact that is not subject to reasonable dispute because it (1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned. See Fed. R. Evid. 201(b) (2011).  "The court (1) may take judicial notice on its own; or

(2) must take judicial notice if a party requests it and the court is supplied with the necessary information." Id. "Matters of public record" include, among other things, records and reports of administrative bodies, Barron v. Reich, 13 F.3d 1370, 1377 (9th Cir. 1994), state statutes or city ordinances, Toney v. Burris, 829 F.2d 622, 627 (7th Cir. 1987), or "proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to the matters at issue." U.S. ex rel Robinson Rancheria Citizens Council v. Borneo, Inc., 971 F.2d 244, 248 (9th Cir. 1992); see also In re Am. Cont'l Corp./Lincoln Sav. & Loan Sec. Litig., 102 F.3d 1524, 1537 (9th Cir. 1996), rev'd on other grounds sub nom. Lexecon Inc. v. Milberg Weiss Bershad Hynes & Lerach, 523 U.S. 26 (1998).

A court may take judicial notice of a "matter of public record" in order to consider "the truth of the facts recited therein," because such facts are "subject to reasonable dispute." Lee, 250 F.3d at 690 (quoting Southern Cross Overseas Agencies, Inc. v. Wah Kwong Shipping Grp. Ltd., 181 F.3d 410, 426–27 (3rd Cir. 1999)); Fed. R. Evid. 201(b). However, a court may take judicial notice of the existence of a document or judgment, Lee, 250 F.3d at 690, and, by extension, the existence of claims, arguments, conclusions, opinions, or allegations within the document or judgment, because the existence of such statements is

not subject to reasonable dispute.  See Shaw v. Hahn, 56 F.3d 1128, 1129 (9th Cir. 1995) (taking judicial notice, on a 12(b)(6) motion, of the judge's statements in an order).

**IV.     ANALYSIS.**

The County of Maui asserts that res judicata bars Butler's claims.  Generally speaking, claim preclusion, or res judicata, prohibits a party from relitigating a previously adjudicated cause of action.  The preclusive effect in this court of a Hawaii state court decision is determined by Hawaii law. MHC Fin. Ltd. P'ship v. City of San Rafael, 714 F.3d 1118, 1125 (9th Cir. 2013) (quoting Adam Bros. Farming, Inc. v. Cnty. of Santa Barbara, 604 F.3d 1142, 1148 (9th Cir. 2010) ("When applying res judicata to a state court decision, we 'give the same preclusive effect to [that] judgment as another court of that State would give,' meaning that we apply res judicata as adopted by that state.") (alteration in original)); Pedrina v. Chun, 97 F.3d 1296, 1301 (9th Cir. 1996) ("In determining whether a prior state court action bars a subsequent federal action, the federal court must look to the res judicata principles of the state court in which the judgment was rendered.").

Under Hawaii law, the doctrine of res judicata applies when:  1) the claim asserted in the action in question was or could have been asserted in the prior action, 2) the parties in the present action are identical to, or in privity with, the

10

parties in the prior action, and 3) a final judgment on the merits was rendered in the prior action.  Pedrina, 97 F.3d at 1301 (citing Santos v. State of Hawaii, 64 Haw. 648, 646 P.2d 962, 966 (1982)); E. Sav. Bank, FSB v. Esteban, 129 Haw. 154, 159, 296 P.3d 1062, 1067 (2013) (quoting Bremer v. Weeks, 104 Haw. 53, 54, 85 P.3d 150, 161 (2004) ("The party asserting claim preclusion has the burden of establishing that (1) there was a final judgment on the merits, (2) both parties are the same or in privity with the parties in the original suit, and (3) the claim decided in the original suit is identical with the one presented in the action in question.")).

      As discussed above, a court does not convert a motion to dismiss into a motion for summary judgment when it takes judicial notice of "matters of public record" that are not subject to reasonable dispute.  Intri-Plex Techs., 499 F.3d at 1052.  The relevant prior action, according to the County of Maui, is a case that Butler brought in the Circuit Court of the Second Circuit, State of Hawaii, against the County of Maui, its deputy corporation counsel, and Officers Gasmen and Sagawinit. See Exhibit A to County of Maui's Memorandum in Support of Motion, ECF No. 16-3.  Because these are "matters of public record" that are not subject to reasonable dispute, such judicial notice does convert County of Maui's Rule 12(b)(6) motion into one for summary judgment.  Accordingly, in addressing the County

11

of Maui's res judicata argument, this court can, and does, takes judicial notice of the following: the existence of the prior Second Circuit Court case, the case docket, and the allegations and claims Butler presented in the Complaint filed in the state court.

**A.   Same Claims.**

First, for res judicata to apply in this case, the claims Butler asserted in this action either must have been asserted or must have been capable of being asserted in the prior action.  See Pedrina, 97 F.3d at 1301 (citing Santos v. State of Hawaii, 64 Haw. 648, 646 P.2d 962, 966 (1982)).  Under Hawaii law, to determine whether a litigant is asserting the same claim in a second action, the court must look to whether the "claim" asserted in the second action arises out of the same transaction, or series of connected transactions, as the "claim" asserted in the first action.  See Kauhane v. Acutron Co., 71 Haw. 458, 464, 795 P.2d 276, 279 (1990); accord Pedrina, 97 F.3d at 1301.

In this case, the claims asserted by Butler not only arose out of the same transaction, they are identical to those raised in the state court.  In his state-court Complaint, Butler alleged that the County of Maui, its deputy corporation counsel, and Officers Gasmen and Sagawinit violated his free-speech rights under the First Amendment of the United States Constitution in connection with his protests in front of MDMR, his conversations

12

with the deputy corporation counsel at the 2011 trial, and his inability to subpoena Officer Sagawinit at the same trial.  <u>See</u> Second Circuit Complaint in Exhibit A to County of Maui's Memorandum in Support of Motion, ECF No. 16-3.  In fact, many of the paragraphs in the Second Amended Complaint, filed in this court, use language nearly identical to the Second Circuit Complaint in raising the same factual allegations and legal claims.  <u>Compare</u> Second Amended Complaint ¶¶ 1-2, 8, 10, 19, 20, 22, 25, 29-30, <u>with</u> Second Circuit Complaint in Exhibit A, ECF No. 16-3, ¶¶ 1-2, 9-10, 78-80, 82, 84, 87, 92.  Accordingly, the first prong of the test for the res judicata doctrine is satisfied.

   **B. Same Parties.**

   The second prong of the res judicata test is also satisfied.  The parties in this action--Butler and the County of Maui--were parties in the prior Second Circuit Court action.

   **C. Final Judgment On the Merits.**

   The third prong--whether there was a final judgment on the merits--is also satisfied.  Under Hawaii law, a dismissal with prejudice is an adjudication on the merits of all issues that were raised or could have been raised in the pleadings.  <u>Land v. Highway Const. Co.</u>, 64 Haw. 545, 551, 645 P.2d 295, 299 (1982) ("Generally, a dismissal 'with prejudice', is an adjudication on the merits of all the issues that were raised or

could have been raised in the pleadings. Thus, subsequent litigation involving the same claims would be barred by res judicata."). However, a dismissal without prejudice is not an adjudication on the merits for purposes of the doctrine of res judicata. Id. ("a dismissal without prejudice does not operate as an adjudication on the merits wherein the doctrine of res judicata would have no effect. Parties are not barred from bringing a subsequent action on the same cause and are free to litigate the issue as though no action had been commenced.").

Under Hawaii law, a "judgment is final where the time to appeal has expired without appeal being taken." Glover, Ltd. v. Fong, 42 Haw. 560, 574 (1958); E. Sav. Bank, FSB v. Esteban, 129 Haw. 154, 160, 296 P.3d 1062, 1068. "It follows from Glover that where an appeal has been taken, a judgment of the trial court is not final, at least for purposes of res judicata." Littleton v. State, 6 Haw. App. 70, 75, 708 P.2d 829, 833, aff'd, 68 Haw. 220, 708 P.2d 824 (1985). Accord Pedrina, 906 F. Supp. at 1401. When an appeal is taken, judgment becomes final under Hawaii law when the appeal is decided. See Kauhane, 71 Haw. at 465, 795 P.2d at 279 ("Plaintiff, however, withdrew his appeal and thereby foreclosed review by this court. Once that appeal was withdrawn, the circuit court's judgment became final for res judicata purposes."); Glover, 42 Haw. at 574 ("The adjudication in the mandamus case is final because the United States Court of

Appeals of the Ninth Circuit dismissed defendant's appeal on the ground of his failure to file the record on appeal and docket the appeal within the prescribed time."). Appeals in civil cases, according to Rule 4(a) of the Hawaii Rules of Appellate Procedure, generally must be filed within 30 days after entry of the judgment, unless there is a showing of good cause to extend the time for filing a notice of appeal or the time to appeal has been affected by post-judgment motions.

In the present case, an Order Granting the County of Maui, Moana Lutey, Samuel Gasmen, and Mary Sagawinit's Motion to Dismiss Complaint was filed on March 6, 2012. See Exhibit B to County of Maui's Memorandum in Support of Motion, ECF No. 16-4. Because the order of dismissal on the County of Maui's Rule 12(b)(6) motion was with prejudice, id., the order operates as an adjudication on the merits. See Caires v. Kualoa Ranch, Inc., 6 Haw. App. 52, 57, 708 P.2d 848, 851 (1985) (citing Haw. R. Civ. P. 41(b) in concluding that a Rule 12(b)(6) dismissal is a judgment on the merits).

The court takes judicial notice of the docket of the prior Second Circuit Court action, which includes no evidence of an appeal by Butler of the dismissal. See Kurt Butler vs County of Maui et al. Document List, Ho'ohiki, http://hoohiki1.courts.state.hi.us/jud/Hoohiki/JSAPM51F5.jsp?startseq=1 (last visited Aug. 20, 2013). Accordingly, the prior

action terminated in a final judgment on the merits, thus satisfying the third prong of res judicata.

Notably, at the hearing on the present motion, Butler conceded that the state-court action involved the very claims before this court.

**V.      CONCLUSION.**

The motion to dismiss is granted.  Res judicata applies to bar Butler's Second Amended Complaint in this court because Butler brought a prior state-court suit that involved the same parties and identical claims, and that terminated in a final judgment on the merits.

The Clerk of Court is directed to enter judgment in favor of the County of Maui and to close this case.

IT IS SO ORDERED

DATED:  Honolulu, Hawaii, August 29, 2013.



/s/ Susan Oki Mollway
Susan Oki Mollway
Chief United States District Judge

Butler v. County of Maui, Civil No. 13-00163 SOM-KSC; ORDER DISMISSING FIRST AMENDED COMPLAINT; ORDER DENYING AS MOOT APPLICATION TO PROCEED IN FORMA PAUPERIS

16